IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
DUBLIN DIVISION

| | | |
|---|---|---|
| DAVID E. THOMAS, KATHY THOMAS and BETHANY DIVEN, | : : : | |
| Plaintiffs, | : : | CIVIL ACTION FILE NO. _____ |
| v. | : : : | |
| UNITED STATES OF AMERICA, | : : | |
| Defendant. | : | |

**COMPLAINT FOR DAMAGES UNDER THE
FEDERAL TORT CLAIMS ACT**

COMES NOW Plaintiffs David E. Thomas, Kathy Thomas, and Bethany Diven, by and through counsel, who file this Complaint For Damages Under The Federal Tort Claims Act as follows:

**PARTIES, JURISDICTION, AND VENUE**

1.

Plaintiff David E. Thomas (hereinafter "Mr. Thomas") is a citizen of the State of Georgia residing within the jurisdiction of this Court at 43 Poplar Lane, Glenwood, GA 30428.

2.

Plaintiff Kathy Thomas (hereinafter "Ms. Thomas") is a citizen of the State of Georgia residing within the jurisdiction of this Court at 43 Poplar Lane, Glenwood, GA 30428.

3.

Plaintiff Bethany Diven (hereinafter "Ms. Diven") is a citizen of the State of Georgia residing within the jurisdiction of this Court at 45 Poplar Lane, Glenwood, GA, 30428.

4.

The claims herein are brought against Defendant United States of America (hereinafter "United States") pursuant to the Federal Tort Claims Act, 28 U.S.C. §§ 2671 *et. seq.* and 1346 (b) (1), for money damages as compensation for personal injuries that were caused by the negligent or wrongful acts or omissions of it and of an agent, employee or employees of Defendant United States while acting within the scope of their office or employment, or agency, under circumstances where Defendant United States, if a private person, would be liable to Plaintiffs in accordance with Georgia law.

5.

This court has jurisdiction of this action pursuant to 28 U.S.C. § 1346 (b) (1).

///

6.

Venue is proper in this Court pursuant to 28 U.S.C. § 1402 (B) because the incident complained of occurred in Wheeler County, Georgia.

7.

Pursuant to 28 U.S.C. § 2675 (a), Plaintiffs timely presented their administrative claims for damages to the United States by each submitting a Form SF-95 to USPS on or about May 13, 2021. (See Exhibit A, attached hereto). USPS confirmed receipt of the three Form SF-95 claims on or about July 22, 2022. (See Exhibit B, attached hereto).

8.

USPS was provided at least six (6) months to review Plaintiffs' administrative claims and USPS has yet to make a final disposition of the claims. Therefore, this action is lawfully commenced and timely filed under the Federal Tort Claims Act.

9.

Plaintiffs have each exhausted their administrative remedies under the Federal Tort Claims Act and have fully complied with the statutory prerequisites for bringing this tort action against the United States.

///

///

///

## EVENTS FORMING THE BASIS OF THE CLAIMS

10.

The preceding paragraphs are incorporated and realleged as if fully set forth herein.

11.

Plaintiffs were injured as a result of a motor vehicle incident that occurred on or about October 24, 2019, in Wheeler County, GA.

12.

On or about October 24, 2019, Mr. Thomas was driving a vehicle east on Beulah Church Road, in Wheeler County, GA. Ms. Thomas and Ms. Diven were passengers in the same vehicle.

13.

At the same time, USPS employee Chelsea Lann (hereinafter "Ms. Lann") was driving her vehicle west on Beulah Church Road.

14.

Ms. Lann failed to properly control her vehicle and she crossed into Plaintiffs' lane of travel, causing a collision with Plaintiffs' vehicle.

15.

Ms. Lann was operating her vehicle in a negligent and reckless manner.

///

16.

At all times material hereto, Mr. Thomas, Ms. Thomas and Ms. Diven (hereinafter collectively "Plaintiffs") conducted themselves in a safe and lawful manner, and did not in any way cause or contribute to the circumstances which caused them to sustain serious bodily injury and emotional distress.

## **NEGLIGENCE AND NEGLIGENCE PER SE**

17.

The preceding paragraphs are incorporated and realleged as if fully set forth herein.

18.

As an operator of a motor vehicle in the state of Georgia, Ms. Lann owed duties to Plaintiffs, and other motorists, to operate her vehicle in a safe and prudent manner in accordance with the Georgia Uniform Rules of the Road.

19.

Ms. Lann breached these duties to Plaintiffs by failing to operate her vehicle in a safe and prudent manner and by causing a collision between Plaintiffs' vehicle and Ms. Lann's vehicle.

20.

The negligence and negligence per se of Ms. Lann was the direct and proximate cause of the collision, which includes, but is not limited to:

(a) Failure to exercise due caution while operating a motor vehicle;

(b) Failure to maintain proper control of her vehicle, in violation of O.C.G.A. § 40-6-390;

(c) Operating her vehicle in a reckless manner with a disregard for the safety of others, in violation of O.C.G.A. § 40-6-390;

(d) Failure to maintain her lane in violation of O.C.G.A. § 40-6-48;

(e) Failure to pay proper attention to her course of travel and movement of other vehicles upon the roadway;

(f) Failure to keep a proper lookout ahead for other vehicles using the roadway at the time of the collision; and,

(g) Failure to make timely application of her brakes or take other evasive action when, by doing so, she could have avoided striking Plaintiff.

21.

At the time of the subject collision, Ms. Lann was acting in the course and scope of her employment with USPS and was an agent and employee of USPS, operating her vehicle with USPS's knowledge and permission.

///

///

///

22.

USPS is vicariously liable to Plaintiffs under the doctrine of *respondeat superior* for the negligent acts and/or omissions committed by their agent and/or employee, Ms. Lann.

23.

At the time and place of the collision, Plaintiffs were lawfully traveling down the road and were in no way negligent, nor did they contribute in any way, to the subject collision.

24.

Ms. Lann's acts and/or omissions, as an agent and/or employee of USPS, were the proximate cause and cause-in-fact of the collision and of Plaintiffs' injuries and damages.

25.

Based on the foregoing, Plaintiffs are therefore entitled to compensation in such amount as may be supported by the evidence and determined by the enlightened conscience of a fair and impartial jury.

///

///

## NEGLIGENT HIRING, TRAINING, SUPERVISION, AND RETENTION

26.

The preceding paragraphs are incorporated and realleged as if fully set forth herein.

27.

USPS had a duty and responsibility to the general motoring public, including Plaintiffs, to responsibly hire, train, retain, and/or supervise its employees and/or agents to drive vehicles lawfully.

28.

USPS breached its duties to the general motoring public, including Plaintiffs, in one or more of the following ways:

(a) Negligently hiring, training, supervising, and/or retaining Ms. Lann as an employee and/or agent of USPS;

(b) Failing to implement and utilize proper procedures to evaluate Ms. Lann's skills and expertise for the operation of a vehicle as an employee and/or agent of USPS;

(c) Failing to promulgate and enforce company policies, procedures, and rules for the protection of the public, including Plaintiffs; and

(d) Failing to adhere to pertinent aspects of Georgia motor vehicle laws and regulations.

29.

USPS had knowledge of, or in the exercise of reasonable care should have had knowledge of, the negligence discussed herein and the dangerous condition(s) created by their actions.

30.

USPS is liable for the negligent hiring, training, supervision, and retention of their agents, ostensible agents, and employees, including Ms. Lann.

## DAMAGES

31.

The preceding paragraphs are incorporated and realleged as if fully set forth herein.

32.

As a direct and proximate result of the negligence of USPS and Ms. Lann, Plaintiffs have sustained numerous injuries, and have suffered mental and physical injuries requiring medical treatment, as well as other damages.

33.

As a direct and proximate result of the negligence and negligence per se of Defendant, Plaintiffs are entitled to recover all special damages in a full amount to be proven at trial.

///

34.

As a direct and proximate result of the negligence and negligence per se of USPS and Ms. Lann, Plaintiffs are entitled to recover general damages including but not limited to their mental and physical pain and suffering and loss of capacity to enjoy life, past, present, and future, and loss of ability to labor and earn wages, past, present, and future.

WHEREFORE, Plaintiffs pray as follows:

(a) That service of process be made upon Defendant USPS as required by law;

(b) That Plaintiffs have and recover judgment against Defendant USPS for all special damages proven upon trial of this case, including but not limited to medical expenses;

(c) That Plaintiffs have and recover judgment against Defendant USPS for general damages in an amount to be proven upon a trial of this matter;

(d) That Plaintiffs have and recover judgment against Defendant USPS for their loss of capacity to enjoy life, past, present, and future, and loss of ability to labor and earn wages, past, present, and future;

(e) That Plaintiffs have a jury trial before the a jury of their peers and this Court; and

(f)   For such other and further relief as the Court deems just and proper under the circumstances.

RESPECTFULLY SUBMITTED this 14th day of July, 2022.

                            RODEN LAW

                            _____
                            Allison J. Marani
                            Georgia Bar No. 238794
                            ***Attorney for Plaintiffs***

333 Commercial Drive
Savannah, GA 31406
Tel. No. (912) 303-5850
Fax No. (912) 303-5851